# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| LANCELOT INVESTORS FUND, L.P., *et al.* | ) Case No. 08-28225, *et al.* |
| | ) (Jointly Administered) |
| Debtor. | ) |
| | ) Hon. Jacqueline P. Cox Presiding |
| | ) |
| RONALD R. PETERSON, as Chapter 7 Trustee for Lancelot Investors Fund, L.P., *et al.*, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| ELLERBROCK FAMILY TRUST, LLC, BELMONT STRATEGIC INCOME FUND, LP, RBS CITIZENS, N.A. (f/k/a CITIZENS BANK, N.A. and CHARTER ONE BANK, N.A.), MAXWELL HALSTEAD PARTNERS, LLC, COOPER INVESTMENTS I, LLC, THREE SPOUTS, LLC, FIELD HOLDINGS II, LLC, BRANDON KORESS, PAUL LOEB, POLINSKY INVESTMENTS, LLC, ONTARIO PARTNERS, L.P., NORTHWATER FIVE-YEAR MARKET-NEUTRAL FUND LIMITED, NORTHWATER MARKET-NEUTRAL TRUST, EAST RIVER OFFSHORE LTD., FRENCH RIVER OFFSHORE LIMITED, NEWQUANT OFFSHORE LTD. I, SPECIAL OFFSHORE LTD. E, TRENT RIVER OFFSHORE LTD., and ENHANCED INVESTING CORPORATION (CAYMAN) LTD., | ) Adv. No. _____ |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT FOR INJUNCTIVE RELIEF

Ronald R. Peterson (the "Trustee"), not individually, but as the Chapter 7 Trustee for the estate of Lancelot Investors Fund, L.P., *et al.* (the "Debtors"), files this Adversary Complaint against Ellerbrock Family Trust, LLC, Belmont Strategic Income Fund, LP, RBS Citizens, N.A.

(f/k/a Citizens Bank, N.A. and Charter One Bank, N.A.), Maxwell Halstead Partners, LLC, Cooper Investments I, LLC, Three Spouts, LLC, Field Holdings II, LLC, Brandon Koress, Paul Loeb, Polinsky Investments, LLC, Ontario Partners, L.P., Northwater Five-Year Market-Neutral Fund Limited, Northwater Market-Neutral Trust, East River Offshore Ltd., French River Offshore Limited, Newquant Offshore Ltd. I, Special Offshore Ltd. E, Trent River Offshore Ltd., and Enhanced Investing Corporation (Cayman) Ltd. (together the "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings this Adversary Complaint to enjoin the Defendants from pursuing currently pending state or federal causes of action against (a) Gregory Bell ("Bell"); (b) the Debtors' management entities, Lancelot Management, Inc., Lancelot Holdings, LP, Lancelot Investment Management LP (f/k/a Lancelot Investment Management, LLC) and Colossus Capital Management, LP (together the "Management Companies"); (c) the individual directors of debtor Lancelot Investors Fund, Ltd. and Colossus Capital Fund, Ltd. (the "Offshore Funds"), Tom Demaio,[1] Vincent King, Benjamin Miller, and Trevor Sunderland (the "Offshore Directors"), (d) the Debtors' fund administrators, Swiss Financial Services, Inc., and its offshore affiliate, Swiss Financial Services (Bahamas) Ltd. (collectively "Swiss Financial"); and (e) the Debtors' auditors, McGladrey & Pullen LLP, RSM McGladrey, Inc., certain of their offshore affiliates, and their predecessor accountants, including Altschuler Melvoin & Glasser (collectively "McGladrey" and together with Bell, the Management Companies, the Directors, and Swiss Financial, the "Prospective Defendants").

---

[1] Mr. Demaio also served as the Loan Acquisition Officer of the Lancelot Offshore Fund.

2

2. In their causes of action, Defendants seek to recover from the Prospective Defendants based on alleged breaches of fiduciary duty, breaches of contract, breach of a subordination agreement, tortious interference with contract, professional negligence, fraud, gross negligence, and negligent misrepresentation.

3. Defendants' claims are substantially similar to claims the Trustee is empowered to bring against the Prospective Defendants.

4. The Trustee and the Defendants all seek to recover from limited funds of the Prospective Defendants. To preserve the limited pool of money available to pay claims of the Debtors' creditors, including certain of the Defendants, Defendants should be enjoined from pursuing their state and federal actions until the Trustee's investigation can be completed and his claims resolved for the benefit of all the Debtors' creditors.

**PARTIES**

5. On October 20, 2008, the Debtors filed a petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). The United States Trustee for the Northern District of Illinois duly appointed Ronald R. Peterson as Trustee under 11 U.S.C. 701(a)(1) of the Bankruptcy Code by Orders dated October 20, 2008. The Trustee brings this Adversary Complaint in his capacity as the Trustee and not individually.

6. The Debtors consist of 19 related entities engaged in the operation of related hedge funds or special purpose vehicles. As set forth in the following chart, each of the Debtors was ultimately controlled by Bell, through various levels of management companies set up by Bell.



7.      Defendant RBS Citizens, N.A. (f/k/a Citizens Bank, N.A. and Charter One Bank, N.A.) ("RBS Citizens"), a national banking association with its main office located in Providence, Rhode Island, and lender to certain of the Debtors under various credit agreements, filed an amended complaint against Lancelot Investment Management, LLC, Lancelot Investors Fund, and RWB Services in Illinois state court on October 9, 2008 (the "RBS Citizens Action").[2]

8.      Defendant Maxwell Halstead Partners, LLC ("Maxwell Halstead Partners"), a Delaware limited liability company and investor in Lancelot Investors Fund, LP, and Lancelot Investors Fund II, LP, filed a derivative lawsuit on behalf of two of the Debtors, Lancelot Investors Fund I, LP, and Lancelot Investors Fund II, LP, against Lancelot Investment

---

[2] *RBS Citizens, Citizens Bank, Charter One Bank v. Lancelot Investment Management, Lancelot Investors Fund, RWB Services*, No. 2008-CH-37272, Cook County Chancery.

4

Management, LLC and Bell in Illinois state court on October 7, 2008 (the "Maxwell Halstead Action").[3]

9. Defendant Cooper Investments I, LLC ("Cooper Investments"), an Illinois limited liability company and investor in Lancelot Investors Fund, LP, is also a derivative plaintiff in the Maxwell Halstead Action.

10. Defendant Three Spouts, LLC, an Illinois limited liability company and investor in Lancelot Investors Fund II, LP, is also a derivative plaintiff in the Maxwell Halstead Action.

11. Defendant Field Holdings II, LLC, a Delaware limited liability company and investor in Lancelot Investors Fund, LP, is also a derivative plaintiff in the Maxwell Halstead Action.

12. Defendant Brandon Koress, an individual residing in Illinois and investor in Lancelot Investors Fund, LP, and Lancelot Investors Fund II, LP, is also a derivative plaintiff in the Maxwell Halstead Action.

13. Defendant Paul Loeb, an individual residing in Illinois and investor in Lancelot Investors Fund, LP, is also a derivative plaintiff in the Maxwell Halstead Action.

14. Defendant Polinsky Investments, an Illinois limited liability company and investor Lancelot Investors Fund, LP, is also a derivative plaintiff in the Maxwell Halstead Action.

15. Defendant Ontario Partners, L.P., an Illinois limited partnership and fund of hedge funds that invested in Lancelot Investors Fund, LP, filed an action against Lancelot

---

[3] *Maxwell Halstead Partners LLC, Cooper Investments I, LLC, Three Spouts, LLC, Field Holdings II, LLC, Brandon Koress, Paul Loeb, Polinsky Investments LLC derivatively on behalf of: Lancelot Investors Fund I, L.P. and Lancelot Investors Fund II, L.P. v. Lancelot Investment Management, LLC and Gregory Bell*, No. 2008-CH-37464, Cook County Chancery.

5

Investors Fund, LP, Lancelot Investment Management, LLC, and Bell in Illinois state court on October 17, 2008 (the "Ontario Partners Action").[4]

16. Defendant Northwater Five-Year Market-Neutral Fund Limited ("Northwater"), a limited liability company formed in the Cayman Islands and investor in Lancelot Investors Fund, Ltd., filed claims against Lancelot Investment Management, LLC, Bell, Swiss Financial Services (Bahamas) Ltd., Thomas DeMaio, Vincent King, Benjamin Miller, and Trevor Sunderland in Illinois state court on January 20, 2009 (the "Northwater/Lancelot Action").[5]

17. Northwater also filed claims against McGladrey in Illinois state court on March 19, 2009 (the "Northwater/McGladrey Action").[6]

18. Defendant Northwater Market-Neutral Trust, an investment trust established under the laws of Ontario, Canada, and investor in Lancelot Investors Fund, Ltd., is also a plaintiff in both the Northwater/Lancelot Action and the Northwater/McGladrey Action.

19. Defendant East River Offshore Ltd., a limited liability company formed in the Cayman Islands and investor in Lancelot Investors Fund, Ltd., is also a plaintiff in both the Northwater/Lancelot Action and the Northwater/McGladrey Action.

---

[4] *Ontario Partners, L.P. v. Lancelot Investors Fund, L.P.; Lancelot Investment Management LLC; Gregory Bell*, No. 2008-L-011586, Cook County Law Division.

[5] *Northwater Five-Year Market-Neutral Fund Limited, Northwater Market-Neutral Trust, East River Offshore Ltd., French River Offshore Limited, Newquant Offshore Ltd. I, Special Offshore Ltd. E, Trent River Offshore Ltd., and Enhanced Investing Corporation (Cayman) Ltd. v. Lancelot Investment Management, LLC, Gregory Bell, Swiss Financial Services (Bahamas) Ltd., Thomas DeMaio, Vincent King, Benjamin Miller, and Trevor Sunderland*, No. 2009-L-000621, Cook County Law Division.

[6] *Northwater Five-Year Market-Neutral Fund Limited, Northwater Market-Neutral Trust, East River Offshore Ltd., French River Offshore Limited, Newquant Offshore Ltd. I, Special Offshore Ltd. E, Trent River Offshore Ltd., and Enhanced Investing Corporation (Cayman) Ltd. v. McGladrey & Pullen, Cayman*, No. 2009-L-3364, Cook County Law Division.

20. Defendant French River Offshore Limited, a limited liability company formed in the Cayman Islands and investor in Lancelot Investors Fund, Ltd., is also a plaintiff in both the Northwater/Lancelot Action and the Northwater/McGladrey Action.

21. Defendant Newquant Offshore Ltd. I, a limited liability company formed in the Cayman Islands and investor in Lancelot Investors Fund, Ltd., is also a plaintiff in both the Northwater/Lancelot Action and the Northwater/McGladrey Action.

22. Defendant Special Offshore Ltd. E, a limited liability company formed in the Cayman Islands and investor in Lancelot Investors Fund, Ltd., is also a plaintiff in both the Northwater/Lancelot Action and the Northwater/McGladrey Action.

23. Defendant Trent River Offshore Ltd., a limited liability company formed in the Cayman Islands and investor in Lancelot Investors Fund, Ltd., is also a plaintiff in both the Northwater/Lancelot Action and the Northwater/McGladrey Action.

24. Defendant Enhanced Investing Corporation (Cayman) Ltd., a limited liability company formed in the Cayman Islands and investor in Lancelot Investors Fund, Ltd., is also a plaintiff in both the Northwater/Lancelot Action and the Northwater/McGladrey Action.

25. Defendant Ellerbrock Family Trust, LLC ("Ellerbrock"), a Florida limited liability company, filed an amended class action complaint against McGladrey on behalf of all investors in Lancelot Investors Fund, LP, Lancelot Investors Fund II, LP, and Colossus Capital Fund, LP, in the United States District Court for the District of Minnesota on October 23, 2009 (the "Ellerbrock/Belmont Action").[7]

---

[7] *Ellerbrock Family Trust, LLC and Belmont Strategic Income Fund, LP, on behalf of themselves and all others similarly situated v. McGladrey & Pullen, LLP*, No. 08-cv-05370-JRT-FLN, United States District Court for the District of Minnesota

26. Defendant Belmont Strategic Income Fund, LP ("Belmont"), a Texas limited partnership, is also a plaintiff in the Ellerbrock/Belmont Action.

## JURISDICTION AND VENUE

27. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and (e) and 157(b)(1) because this adversary proceeding arises in, is related to, and arises under the Chapter 7 case, *In re Lancelot Investors Fund, L.P.*, *et al.*, pending in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, jointly administered as Case No. 08-28225.

28. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

29. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

30. This proceeding has been brought in accordance with Rules 7001(7) and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## FACTUAL ALLEGATIONS

**The Trustee's Investigation**

31. This is an adversary proceeding by the Trustee against the Defendants on behalf the Debtors, including Lancelot Investors Fund, LP, Lancelot Investors Fund II, LP, Lancelot Investors Fund, Ltd., Colossus Capital Fund, LP, and Colossus Capital Fund, Ltd. (together the "Funds").

32. The Trustee is currently engaged in an extensive ongoing investigation into the activities of the Debtors and is actively assessing potential claims of the estate against non-Debtor third-parties, including the Prospective Defendants.

33. Based on the information already gathered through the Trustee's investigation, the Debtors have potential claims against the Prospective Defendants. Specifically, the Trustee is

investigating and developing claims relating to (a) Bell's, the Management Companies', and the Offshore Directors' alleged mismanagement of the Debtors, and (b) Swiss Financial's and McGladrey's professional negligence in performing certain professional services for the Debtors.

34. Before October 20, 2008, the date on which the Debtors filed for Chapter 7 protection in this Court, Bell controlled the Debtors through his ownership of the Management Companies.

35. Under applicable offering documents, the authority to make all investment decisions on behalf of the Debtors was delegated to Bell, through the Management Companies he created and managed. Through the Management Companies, Bell was responsible for all of the investment decisions, management decisions, and operations of the Debtors.

36. Bell is the principal owner of the Management Companies, including the 100% interest owner in Lancelot Management, Inc., which is the sole manager of Lancelot Investment Management, LP, and Colossus Capital Management, LP. Bell also personally represented, either as the agent, director, manager, or partner, each of the Debtors, the Management Companies, and various affiliates.

37. On information and belief, as of October 11, 2008, the Debtors collectively had assets with a book value of $1.8 billion. Those assets were comprised predominantly of Notes purchased from a special purpose vehicle ("Thousand Lakes") controlled by or affiliated with Thomas J. Petters ("Petters"). The Notes were purportedly secured by certain goods and merchandise owned by Thousand Lakes.

38. The Debtors, through their own special purpose entities, served as commercial lenders to the Petters Entities by purchasing Notes from the Thousand Lakes, a single member limited liability company owned by Petters and the Petters Entities. Although the Notes issued

by Thousand Lakes ostensibly financed the purchase of goods for resale to major retailers such as Sam's Club, Wal-Mart, Costco, and others (the "Retailers"), the Notes actually financed a multi-billion dollar Ponzi scheme orchestrated by Petters and his co-conspirators.

39. On September 24, 2008, FBI agents raided Petters' home and a number of his businesses. The search warrant authorizing the raid was supported by an affidavit from an FBI agent. The affidavit details a scheme by Petters and his co-conspirators to defraud investment funds and other entities that provided loans and financing to his companies.

40. On December 1, 2008, a Grand Jury in the United States District Court for the District of Minnesota indicted Petters on charges of mail and wire fraud, money laundering, and obstruction of justice.

41. As part of the alleged scheme, Petters and his affiliates created fictitious invoices, purchase orders, and other documents, and used the money they had received from investors to (a) make disbursements and other payments to earlier investors, and (b) enrich themselves.

42. The goods and merchandise in which the Debtors purportedly held a perfected security interest never existed, and certain "pre-existing binding purchase orders" are forgeries. Accordingly, many (if not all) of the Notes held by the Debtors are worthless; the collateral allegedly pledged to the Debtors as security for the Notes is nonexistent; and the documents purportedly evidencing the Debtors' security appear to have been forged.

43. The Offshore Directors operated the Offshore Funds and were involved in the investment and administrative affairs of the Offshore Fund.

44. The Loan Acquisition Officer was responsible for approving the Offshore Fund's purchase of Notes, including those originally issued by Thousand Lakes.

45. Swiss Financial performed or supervised the performance of various services necessary for the operation and administration of the Fund, including administrative and accounting services.

46. McGladrey provided auditing and financial services to the Debtors. These services primarily consisted of auditing the Debtors' financial statements and issuing opinions as to whether the portrait of the Debtors' financial condition presented by the financial statements was accurate.

47. The Trustee is currently engaged in an extensive ongoing investigation into the activities of the Debtors and is actively assessing potential claims of the estate against non-debtor third parties, including the Prospective Defendants.

48. As to Bell, the Management Companies, and the Offshore Directors, the Trustee is investigating and evaluating claims for mismanagement of the Debtors based on the same conduct underlying the Third Party Plaintiffs' causes of action. To the extent the Trustee's investigation verifies those alleged management and due diligence failures, the Trustee will seek monetary recovery from Bell and the Management Companies, including potential causes of action arising from their alleged mismanagement of the funds.

49. Potential relief for the Trustee's claims could reach an amount in excess of $100 million, including the forfeiture and return of management fees, performance allocations, distributions, dividends, withdrawals, salary, payments, or other compensation paid or credited to Bell, the Management Companies, and the Offshore Directors. These are the same limited funds from which all other claimants seek to recover.

50. As to Swiss Financial, the Trustee is investigating claims relating to its alleged negligence in performing certain administrative, accounting, and other services, in particular its

failure to ensure the legitimacy of certain transactions with Petters and the Petters entities, the same conduct at issue in pending causes of action filed by certain of the Third Party Plaintiffs against Swiss Financial in Illinois state court. If courts were to find in favor of both the Trustee and the Third Party Plaintiffs, Swiss Financial would likely be unable to satisfy both judgments.

51. As to McGladrey, the Trustee is investigating and evaluating claims for professional negligence for failing to adequately investigate the Debtors' investments in Petters and for negligently rendering audit opinions that improperly concluded that the Debtors' financial statements presented fairly, in all material respects, the financial position of the Debtors and the results of the Debtors' operations in conformity with generally accepted accounting principles. To the extent the Trustee's investigation verifies that McGladrey was professionally negligent or should otherwise be held liable to the Debtors, the Trustee will seek monetary relief, including by pursuing causes of action against McGladrey.

52. Potential relief for the Trustee's claims against McGladrey could also reach an amount in excess of $100 million and could include investment losses in the Petters Entities and the reimbursement of any fees or compensation paid to McGladrey.

**The Defendants' Actions**

53. The Defendants' are investors in and creditors of the Debtors who have lawsuits pending in state and federal court against the Prospective Defendants.

    *A.     The RBS Citizens, N.A. case*

54. Defendant RBS Citizens filed an amended complaint against Lancelot Investment Management, LLC, Lancelot Investors Fund, and RWB Services in Illinois state court on October 9, 2008.

55. Defendant RBS Citizens alleges three counts of breach of contract and one count of breach of a subordination agreement against Lancelot Investment Management, LLC.

56. RBS Citizens alleges that LIM "failed entirely to confirm the accuracy and authenticity of the Purchase Orders and the existence of the underlying Inventory, which formed the basis of the Promissory Notes entered into with the Petters Entities." (Ex. 1; RBS Citizens Compl. ¶ 6.)

57. The complaint also alleges that "[t]he fraudulent nature of the Purchase Orders . . . constitutes multiple events of default" under certain loan agreements. (*See id.* at ¶¶ 7, 79-81, 86-88, 93-95, 100-103).

58. In the aggregate, RBS Citizens seeks damages in excess of $16 million from LIM. (*Id.* at ¶¶ 81, 88, 96, 103.)

### B. *The Maxwell Halstead Action*

59. Defendants Maxwell Halstead Partners, LLC; Cooper Investments I, LLC; Three Spouts, LLC; Field Holdings II, LLC; Brandon Koress; Paul Loeb; and Polinsky Investments, LLC (together, the "Maxwell Halstead Defendants") filed a derivative lawsuit on behalf of two of the Debtors, Lancelot Investors Fund I, LP, and Lancelot Investors Fund II, LP, against Lancelot Investment Management, LLC and Bell in Illinois state court on October 7, 2008. (Ex. 2, Maxwell Compl.)

60. The Maxwell Plaintiffs allege contract and fiduciary breaches by Bell and LIM arising from their alleged mismanagement of the Debtors. For example, the Maxwell Plaintiffs allege that Bell and LIM failed to ensure the authenticity of the transactions with the Petters Entities, including that LIM and/or Bell "failed to make sure that the [Lancelot] Fund had a

13

security interest in the Underlying Goods protected through the use of Proof of Encumbrance filed under Article 9 of the Uniform Commercial Code." (*Id.* at ¶¶ 56, 65.)

61. The Maxwell Plaintiffs seek damages from LIM and Bell of at least $500 million. (*Id.* at ¶¶ 62, 66.)

### C. *The Ontario Partners Action*

62. Ontario Partners filed an action against Lancelot Investors Fund, LP, Lancelot Investment Management, LLC, and Bell in Illinois state court on October 17, 2008.

63. In its complaint, Ontario Partners alleges that Lancelot Investment Management, LLC and Bell breached fiduciary duties and tortiously interfered with contract. Ontario Partners seek redemption of funds that were invested by Lancelot Investors Fund, LP into the Petters Entities.

64. In total, the complaint seeks money damages of $3,717,980.83 from LIM and Bell. (Ex. 3, Ontario Partners Compl. at ¶¶ 33, 39.)

### D. *The Northwater/Lancelot Action*

65. Defendants Northwater Five-Year Market-Neutral Fund Limited; Northwater Market-Neutral Trust; East River Offshore Ltd.; French River Offshore Limited; Newquant Offshore Ltd. I; Special Offshore Ltd. E; Trent River Offshore Ltd.; and Enhanced Investing Corporation (Cayman) Ltd. (together the "Northwater Defendants") filed claims against Lancelot Investment Management, LLC, Bell, Swiss Financial Services (Bahamas) Ltd., Thomas DeMaio, Vincent King, Benjamin Miller, and Trevor Sunderland in Illinois state court on January 20, 2009.

66. As against Lancelot Investment Management, LLC ("LIM") and Bell, the Northwater Defendants assert fraud, gross negligence, and negligent misrepresentation arising

from alleged mismanagement of the Debtors." (Ex. 4, Northwater/Lancelot Compl. ¶¶ 60-75). For example, the Northwater Plaintiffs allege material misrepresentations and omissions including: (1) statements and omissions concerning a "lock-box" arrangement wherein an affiliate was to receive payments directly from the Retailers and not the Petters' Entities; and (2) statements and omissions concerning LIM's and Bell's due diligence, including on the Petters Entities, the underlying transactions, and the underlying goods.

67.     The Northwater Plaintiff also assert causes of action against the Loan Acquisition Officer (gross negligence), the Offshore Directors (negligence and negligent misrepresentation), and Swiss Financial (breach of fiduciary duty, professional negligence, and negligent misrepresentation), all of which ultimately arise from material misrepresentations and omissions relating to the Debtors' investment in Notes issued by Thousand Lakes and related practices. (*Id.* ¶¶ 76-106.)

68.     The Northwater Plaintiffs seek from LIM and Bell damages in excess of $114 million. (*Id.* at ¶¶ 64, 70, 75, 106.)

### E.     *The Ellerbrock/Belmont Class Action*

69.     Defendants Ellerbrock and Belmont filed an amended class action complaint on behalf of all investors in Lancelot Investors Fund, LP, Lancelot Investors Fund II, LP, and Colossus Capital Fund, LP, against McGladrey on October 23, 2008.

70.     The complaint alleges professional negligence by McGladrey in connection with services it provided to the Debtors. The Ellerbrock Plaintiffs allege that McGladrey violated one or more auditing standards because, among other reasons, "[a]ny reasonable and minimal investigation of third parties would have uncovered the [Petters] fraud during any of the multiple audits." (Ex. 5, Ellerbrock/Belmont Compl. ¶ 48.)

71. Ultimately, the Ellerbrock Plaintiffs seek damages in an amount "greater than $15 million." (*Id.* at 12.)

### F. *The Northwater/McGladrey Action.*

72. On March 19, 2009, the Northwater Plaintiffs filed claims against McGladrey in Illinois state court.

73. The complaint alleges fraud and accounting malpractice by McGladrey for knowingly making false statements in its audit reports, including that Petters Entities were "engaged in the business of acquiring goods and selling such goods to the [Retailers]." (Ex. 6, Northwater/McGladrey Compl. ¶ 62.)

74. The Northwater Plaintiffs seek from McGladrey damages in excess of $109 million. (*Id.* at ¶¶ 69, 82.)

## COUNT I - INJUNCTIVE RELIEF

**Injunction Under Section 105 of the Bankruptcy Code Staying the Defendants' Actions**

75. The Trustee repeats, realleges, and incorporates, as though fully set forth herein, each of the foregoing paragraphs.

76. Section 105(a) of the Bankruptcy Code empowers a bankruptcy court, in the exercise of its equitable powers, to fashion relief that is necessary or appropriate to carry out the provisions of the Code.

77. When an injunction is sought pursuant to section 105(a) of the Bankruptcy Code, a bankruptcy court can enjoin proceedings in other courts when it is satisfied that such proceedings would defeat or impair its jurisdiction over the case before it.

78. Moreover, further to a bankruptcy court's broad power under section 105(a) and applicable law, a bankruptcy court may enjoin actions against non-debtors under a variety of

circumstances, including situations where a non-debtor's claims may affect the amount of property in the debtor's estate or where the non-debtor's claims would come from a limited fund or pool of assets against which the debtor's estate also has claims.

79. Any further pursuit of the Defendants' actions should be stayed pursuant to section 105(a) of the Bankruptcy Code in order to (a) preserve and protect the claims belonging to the Debtors' estate and the limited pool of assets to redress those claims; (b) prevent the duplication of effort and minimize the spending of money; and (c) maximize judicial economy.

80. The injunction requested herein is necessary and appropriate to carry out the provisions of the Bankruptcy Code and to insure that this Court will have the ability to administer the Debtors' Chapter 7 case without impairment.

WHEREFORE, the Trustee respectfully requests that the Court enjoin the Defendants from pursuing their pending state and federal claims under 11 U.S.C. § 105(a), and grant such other and further relief as the Court deems just and equitable.

Dated: May 19, 2009                                      Respectfully submitted,

                                                         RONALD R. PETERSON, not individually but
                                                         as Chapter 7 Trustee for Lancelot Investors
Ronald R. Peterson                                       Fund, L.P., *et al.*
Terri L. Mascherin
Sarah Hardgrove-Koleno                                   By: */s/ Ronald R. Peterson*_____
Jason J. Green
JENNER & BLOCK LLP                                       One of His Attorneys
330 North Wabash Avenue
Chicago, Illinois 60611-7603
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

*Counsel for Chapter 7 Trustee*

17